UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| MELANIE DUSANG, et ux | CIVIL ACTION NO. 08-0821 |
|---|---|
| -vs- | JUDGE TRIMBLE |
| LOWES HOME CENTERS, INC., *et al.* | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is plaintiffs' MOTION TO REMAND, Doc. # **7**, referred to me by the district judge for Report and Recommendation.

FACTUAL BACKGROUND

Plaintiff, Melanie Dusang alleges that she was a customer in the Alexandria, Louisiana Lowes store in May of 2007 when she slipped and fell in the restroom, suffering injuries. Plaintiffs filed suit in state court and the case was timely removed to this court. The petition alleges negligence on the part of Lowes and Rob Davis (its manager at the time of the incident) and strict liability for vices and defects under Louisiana law. Plaintiff filed the instant motion to remand and Defendant, Lowes, argues that, because there is no reasonable possibility of recovery against the former manager,

Davis, under Louisiana law, complete diversity exists and jurisdiction is proper in this court.

## DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

2

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, the former store manager, Mr. Davis. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.* Plaintiffs are citizens of Louisiana, while Lowes is a foreign corporation. However, Mr. Davis also resides in

Louisiana. His presence in the suit would destroy the complete diversity required by federal law.

Plaintiffs' complaint contains general accusations that the store manager failed to inspect, failed to take reasonable steps to maintain safety, created and exposed others to a hazard failed to warn, failed to abide by Lowes maintenance policies and failed to supervise and train employees. However, the complaint also alleges that Davis created and exposed others to a hazardous condition.

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. <u>Carriere v. Sears, Roebuck and Co.</u>, 893 F.2d 98, 100-101 (5th Cir.) 1990. Under Louisiana law, a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied. <u>Canter v. Koehring Co.</u>, 283 So.2d 716, 721 (La. 1973); <u>Ford v. Elsbury</u>, 32 F.3d 931, 936 (5th Cir. 1994). First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought. <u>Canter</u>, 283 So.2d at 721. Second, this duty is delegated by the employer to the employee. *Id.* Third, the employee has breached this duty

4

through personal fault, as contrasted with technical or vicarious fault. *Id.* Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment. *Id.* He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages. *Id.* Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate. *Id.*

In order to state a cause of action against Davis, then, it must be shown that Lowes delegated its duty to him and that he personally breached that duty.

Lowes, as a merchant, owes its patrons a duty to exercise reasonable care to keep its floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6.

Davis' affidavit shows that Lowes contracted with an independent janitorial service for maintenance of its rest rooms. Davis shows by affidavit that he did not create a hazard and was not aware of one. Plaintiffs have not filed

contradictory evidence in the form of affidavits or deposition testimony to support their allegation that Davis created the hazard.

This case is similar to Brady v. Wal-Mart *Stores*, 907 F.Supp. 958, 960 (M.D. La. 1995), in which a store manager was sued for failing to prevent a stack of boxes from falling on an invitee's head. The court noted that, although plaintiff accused the manager of being responsible for stacking the boxes improperly, there was no accusation that the manager himself stacked the boxes, and the plaintiff could not reveal who personally caused the accident. *Id.* Holding that it was improper to hold a manager liability for breaches of his general administrative duties as store manager, the court agreed he had been improperly joined. *Id.* at 961.

As in Brady, this is a classic case of attempting to place liability upon a store manager "simply because of his general administrative responsibility for performance of some function of employment." Canter at 721. There is no such theory of recovery under Louisiana law. Therefore, plaintiffs' claims against Davis falls short as a matter of law; thus, he has been improperly joined and his presence in the suit should be disregarded for the purposes of determining jurisdiction, that is, whether complete diversity of the parties exists.

CONCLUSION

For the foregoing reasons, because complete diversity exists, the plaintiffs' motion to remand should be DENIED.

Therefore, IT IS RECOMMENDED that defendant's motion to remand (Doc. **7**) be DENIED.

Alexandria, Louisiana, July 29, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE